## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALLSTATE INSURANCE COMPANY     \*
                                          \*

                                          \*

         v.                                \*       Civil No. – JFM-15-963

                                          \*

JONATHAN HANCOCK, ET AL.       \*

                                      \*\*\*\*\*\*

## MEMORANDUM

Allstate Insurance Company has brought this action for a declaratory judgment that it has no obligation to defend or to provide insurance in connection with a suit filed against Jonathan Hancock and other defendants in the Circuit Court of Maryland for Baltimore City for lead paint exposure. The discovery deadline has passed, and Allstate has filed a motion for summary judgment. Defendant Jonathan Hancock, who is appearing *pro se*, has opposed the motion. Hancock is the owner of the property and the alleged insured. The other defendant, the plaintiff in the underlying tort action, is represented by counsel and has filed no response to the motion. The motion will be granted.

Allstate did issue an insurance policy to Hancock for 128 N. Poplin Street, the alleged place where the lead poisoning occurred. The policy was a homeowners one, however, and excluded coverage for "business activities" which was defined to mean "any property rented or held for rental by an insured person."

Hancock alleges that he telephoned an Allstate agent and told him that he (Hancock) was no longer living at the premises and was renting them. There is, however, no objective evidence to substantiate Hancock's testimony, and Allstate never issued a new policy to Hancock.

Instead, it continued to issue the homeowners policy, which contained the reservation of coverage stated above.

It is Hancock's burden to prove that coverage existed. *See Perdue Farms Inc. v. National Union Fire Ins. Co.*, 197 F. Supp. 2d, 370-376 (D. Md. 2002); *Mayor & City Council of Baltimore v. Utica Mut. Ins. Co.*, 145 Md. App. 256, 300, 802 A.2d 1070, 1096 (2002). Hancock has not met this burden. He was under an obligation to review the policy issued to him, *Shepard v. Keystone Ins. Co.*, 743 F. Supp. 429, 432 (D. Md. 1990), and if he had read the policy issued by Allstate he would have known that he was not afforded coverage.

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: 2/17/1

J. Frederick Motz
United States District Judge

BY: _____ DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2016 MAR 18 PM 3:20
DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED
2